[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13289

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 31, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00206-CV-WS

MCDERMOTT GULF OPERATING COMPANY, INC.,
SECUNDA MARINE SERVICES,

Plaintiffs-Appellants,

versus

CON-DIVE, LLC, in personam, et al.,

Defendants,

OCEANOGRAFIA SOCIEDAD ANOMINA
de CAPITAL VARIABLE, in personam,

Defendant-Appellee.

_____

No. 09-13858

_____

D. C. Docket No. 09-00206-CV-1-WS-B

MCDERMOTT GULF OPERATING COMPANY, INC.,
SECUNDA MARINE SERVICES,

Plaintiffs-Appellants,

versus

CON-DIVE, LLC,
in personam,

                                                   Defendant-Appellee,


OCEANOGRAFIA SOCIEDAD ANOMINA
de CAPITAL VARIABLE, in personam, et al.,

                                                   Defendants.

_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

(March 31, 2010)

Before HULL, WILSON and FARRIS,[*] Circuit Judges.

PER CURIAM.

In these consolidated appeals we review the district court's vacatur of a

maritime attachment of ship-board equipment and the district court's dismissal of

Appellee Con-Dive from the case for lack of personal jurisdiction. The appellants

contend that the district court abused its equitable discretion in vacating the

attachment and erred by concluding that Appellee Oceanografia Sociedad

Anomina de Capital Variable ("OSA") owns the equipment and that the court

_____

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by
designation.

2

therefore had no personal jurisdiction over Con-Dive. After reviewing the briefs and the record, and receiving the benefit of oral argument, we affirm the judgments of the district court.

## I.

Appellant McDermott owns the *Bold Endurance*, a "service support vessel." The ship provides support for extended underwater operations. In 2006, McDermott's predecessor-in-interest Secunda Global International leased the ship to appellee Con-Dive, LLC. Con-Dive worked closely with affiliate/co-appellee Oceanografia (OSA), which had a contract with the state-owned Mexican oil company PEMEX to build a pipeline beneath the Gulf of Mexico. Con-Dive was a start-up company founded by a former OSA manager. OSA paid McDermott $1.8 million as security for Con-Dive's lease. The maritime lease, called a "charter party," provided the ship, captain, and vessel crew for $32,500 a day.

Con-Dive purchased and installed on the ship saturation-diving equipment currently worth upwards of $7 million. The equipment is a set of connected decompression chambers that permits working divers to stay deep underwater for days or weeks at a time, thus minimizing the delay and danger associated with more frequent decompressions. Con-Dive claims that in late 2008 it transferred the equipment to OSA.

Con-Dive fell behind on the lease payments, called "charter hire." OSA discussed the overdue hire with McDermott and, at one point, paid $900,000 in back hire. In late March 2009, after concluding that no more money was forthcoming, McDermott shut down the operation, claiming $5 million in unpaid hire. OSA asked for its diving equipment back but McDermott refused, claiming the equipment was security for the debt. OSA responded by filing a criminal complaint of theft of the property by McDermott with the district attorney for the state of Campeche, Mexico. The district attorney boarded the ship, then left the ship with the equipment still on board. In their briefs, the parties do not dispute that, while on board, the district attorney gave a verbal order that McDermott turn over the equipment pending an investigation into the dispute. The parties dispute, however, whether the district attorney's verbal order impounding the equipment was valid. At the time of the district attorney's verbal order, the ship was floating in the southern Gulf of Mexico. As the dispute between the parties continued, the ship sailed first to another Mexican port, then to Mobile, Alabama, arriving there on April 13, 2009.

In federal court in Mobile, McDermott filed an *in rem* claim against the equipment, seeking arrest of the equipment under Rule C of the Supplemental Rules for Admiralty or Maritime Claims. McDermott also filed *in personam*

4

claims against Con-Dive, OSA, and OSA's manager, seeking attachment of the equipment under Supplemental Rule B. The motions for attachment and arrest were ex parte and the magistrate judge granted them within twenty-four hours. In its ex parte applications, McDermott did not mention the verbal order from the Mexican district attorney. OSA claimed ownership of the equipment and moved for a Rule E(4)(f) hearing to vacate the attachment and arrest.

The district court accepted extensive briefing and declarations from both parties on the issue of whether Con-Dive or OSA owned the equipment. At the Rule E(4)(f) hearing, the court also heard live testimony from OSA's expert on Mexican law. The district court subsequently granted the motion to vacate the attachment after concluding that (1) OSA owned the equipment, (2) the Mexican district attorney's verbal order to surrender the equipment was valid, (3) that McDermott was aware of the order, and (4) that McDermott had violated the order by refusing to turn over the equipment and leaving Mexican waters with the equipment still on board. The district court concluded it had the equitable power to vacate the attachment.[1] McDermott timely appealed, creating our appeal No. 09-

---

[1] In the same order, the district court also vacated the arrest of the equipment after concluding that McDermott had no maritime lien on the equipment to support the arrest of the equipment for purposes of an *in rem* action pursuant to Supplemental Rule C. McDermott has raised no argument on appeal in connection with the district court's vacatur of the arrest of the equipment under Rule C.

The charter party provides that it shall be governed and construed in accordance with the laws of Nova Scotia and the federal laws of Canada. It also requires that any disputes be

13289. Con-Dive then filed a motion to dismiss for lack of personal jurisdiction and improper venue, citing the finding of the district court that OSA owned the equipment. Con-Dive argued there was no longer any basis for personal jurisdiction over it. The district court agreed and dismissed Con-Dive from the action.[2] McDermott timely appealed, creating our appeal No. 09-13858.

II.

We review the district court's exercise of its equitable power in a maritime case for an abuse of discretion. *Dresdner Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267, 1273 (11th Cir. 2006). We review for clear error factual findings made by the district court sitting in admiralty jurisdiction without a jury. *Marine Transp. Servs. Sea-Barge Group, Inc. v. Python High Performance Marine Corp.*, 16 F.3d 1133, 1138 (11th Cir. 1994). Under this relatively deferential standard, we affirm the district court's vacatur of the attachment. The appellants have not shown (1) that the district court clearly erred in its fact findings or (2) that the district court abused its discretion in concluding that the totality of the facts, as found in the district court's order, warrant an equitable exception to the general rule upholding

resolved in the Supreme Court of Nova Scotia or the Federal Court of Canada in Halifax. Litigation is currently pending in Nova Scotia between McDermott, OSA and Con-Dive to resolve McDermott's claim for the unpaid charter hire.

[2]Based on the forum selection clause in the charter party, the district court also dismissed all aspects of the case against Con-Dive other than maritime attachment due to improper venue. McDermott has not argued on appeal that this aspect of the district court's order was erroneous.

maritime attachments.  *See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 444–45 (2d Cir. 2006).

III.

We review *de novo* the district court's dismissal for lack of personal jurisdiction.  *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).  We conclude that the district court did not err in dismissing the case against appellee Con-Dive and we affirm that judgment as well.

**AFFIRMED.**